[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-11143
Non-Argument Calendar
_____

D.C. Docket No. 0:19-cv-62447-DPG

JOSEPH FISCHER,

Plaintiff - Appellant,

versus

FEDERAL NATIONAL MORTGAGE ASSOCIATION,
JP MORGAN CHASE, N.A.,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 30, 2020)

Before NEWSOM, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

Joseph Fischer, a small-business owner, obtained a mortgage loan from Federal National Mortgage Association (Fannie Mae).[1]  JP Morgan Chase serviced the mortgage.  Chase reported Fischer to credit bureaus for failing to provide timely payments and eventually for defaulting on the loan.  Fischer alleges that the reports to credit bureaus were false and caused by Chase's own errors and that the false reports destroyed his business.

Fischer brought various state-law claims against both Fannie Mae and Chase in Florida state court.  Fannie Mae and Chase removed the case to federal court based on diversity jurisdiction and then moved to dismiss for failure to state a claim.  They argued that Fischer's state law claims were all preempted by the federal Fair Credit Reporting Act, which explicitly preempts state law claims relating to the responsibilities of persons who report to consumer reporting agencies.  *See* 15 U.S.C. § 1681t(b)(1)(F).  Fischer responded by arguing (1) that another, narrower preemption provision—15 U.S.C. § 1681h(e)—created an exception for claims based on willfully false reporting and (2) that his claims fell within that exception.

The district court granted Fannie Mae and Chase's motion to dismiss.  First, it held that, as a matter of law, § 1681h(e) didn't create an exception to

---

[1] Because we're reviewing a district court's dismissal for failure to state a claim, we recite as true the plaintiff's non-conclusory allegations.  *Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989).

2

§ 1681t(b)(1)(F)'s broad preemptive sweep.  Second, it held that, even if §
1681h(e) did create an exception, Fischer's claims wouldn't have fallen within it.
Fischer didn't seek further leave to amend his complaint.

On appeal, Fischer doesn't challenge the district court's holding that
§ 1681h(e) didn't create an exception in the first place.  His sole argument on
appeal is that the district court should have *sua sponte* granted him leave to amend
his complaint to show that his claims fell within the exception.

"To obtain reversal of a district court judgment that is based on multiple,
independent grounds, an appellant must convince us that every stated ground for
the judgment against him is incorrect."  *Sapuppo v. Allstate Floridian Ins. Co.*, 739
F.3d 678, 680 (11th Cir. 2014); *see also Carlson v. FedEx Ground Package Sys.,
Inc.*, 787 F.3d 1313, 1327 (11th Cir. 2015).  If an appellant fails to challenge one
of the grounds on which the district court based its decision, he abandons any
challenge to that ground, and the district court's judgment must be affirmed.
*Carlson*, 787 F.3d at 1327.

Here, to reiterate, the district court based its dismissal on two independent
grounds.  First, the district court decided the question whether § 1681h(e) creates
an exception at all or whether instead § 1681t(b)(1)(F)'s preemption is "total."
The court held that it "agree[d]" with the "total-preemption approach."  *See
Carruthers v. Am. Honda Fin. Corp.*, 717 F. Supp. 2d 1251, 1257–58 (N.D. Fla.

3

2010) (elaborating on total-preemption approach).  The parties agree that, if the total-preemption approach is valid, Fischer fails to state a claim.  Second, and separately, the district court concluded that even if there were an exception, Fischer wouldn't fall within it.

Fischer challenges only the district court's second ground for dismissal—that his claim wouldn't fall within the exception.  Even in his reply brief, after the problem was brought to his attention, he confirmed that "the narrow issue in this appeal is the court's failure to allow an amendment to the [c]omplaint."  But as long as § 1681h(e) doesn't create an exception, as the district court first concluded, it is irrelevant whether Fischer could amend his complaint with new allegations to show his claims fell within that exception.  In other words, by abandoning any challenge to the first ground for dismissal—that there is no exception—Fischer has failed to "convince us that every stated ground for the judgment against him is incorrect."  *Sapuppo*, 739 F.3d at 680.

Accordingly, we **AFFIRM**.